UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GRANT,

      Plaintiff,

                                                Civil Case No. 16-11690
v.                                      Honorable Linda V. Parker

JOHNSON ELECTRIC NORTH
AMERICA, INC.,

      Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* [ECF NO. 43]

Plaintiff Eric Grant ("Plaintiff") filed this lawsuit alleging that Defendant Johnson Electric North America, Inc. ("Defendant") breached its non-compete agreement, whereby Defendant would compensate Plaintiff for a non-compete period of twenty-four months. Presently before the Court is Plaintiff's Motion *in Limine* to preclude Defendant from introducing statements its former human resources representative made to its senior engineering manager, filed July 21, 2017. (ECF No. 43.) The motion has been fully briefed. (ECF Nos. 45 & 46.) For the reasons set out below, the Court grants Plaintiff's motion.

I.    **Factual and Procedural Background**

Plaintiff began working for Defendant on October 1, 2013 as an Engineer Expert ETM. (ECF No. 1 at Pg ID 2-3.) Plaintiff's employment was subject to an

1

employee agreement and a non-compete agreement. According to Plaintiff, on June 27, 2014, Defendant entered into a new employment agreement with additional job duties and responsibilities and increased pay. (*Id.* at Pg ID 3.) Plaintiff alleges he was also subject to a new non-compete agreement that was a part of Defendant's Intellectual Property Management Platform ("IP Platform"), which Plaintiff was required to use in order to submit, track, and manage Defendant's intellectual property. (ECF No. 1 at Pg ID 3; ECF No. 45 at Pg ID 1331.) In order to access the system, the user had to "agree" to the terms on the pop-up screen. The new non-compete agreement included a non-compete period of twenty-four months, expanded the scope of prohibited activities and increased the amount of damages for breach of the agreement. (ECF No. 1 at Pg ID 3.) It also required Defendant to provide Plaintiff with monthly compensation during the twenty-four month period at an amount equal to Plaintiff's average salary during the twenty-four months prior to his termination. (*Id.*)

Plaintiff's employment relationship with Defendant ended on February 1, 2016. (*Id.*) Although Plaintiff complied with the terms of the non-compete agreement, Defendant has not made any payments to Plaintiff and stated it does not intend to make future payments. Plaintiff claims his average monthly salary from February 2014 through February 2016 was $13,159.39. (*Id.* at Pg ID 4.) Plaintiff claims he is entitled to $315,825.36, which represents Plaintiff's average salary of

$13,159.39 for a twenty-four month period, for Defendant's breach and anticipatory breach of the non-compete agreement.

On May 11, 2016, Plaintiff initiated this action. The parties filed cross motions for summary judgment on May 8, 2017 and May 12, 2017, which remain pending before this Court. (ECF Nos. 34 & 35.) On July 21, 2017, Plaintiff filed this motion seeking to preclude statements a former human resources representative made to Defendant's senior engineering manager regarding the enforceability of the non-compete agreement. (ECF No. 43.)

## II. Applicable Law

District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Federal Rules of Evidence prohibits hearsay unless permissible in federal statute, other court rules proscribed by the Supreme Court, or subject to hearsay exceptions. Fed. R. Evid. 802. Hearsay is defined as an out-of-court statement offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). A statement is not hearsay if the declarant is subject to cross-examination or the statement was made against the opposing party by a qualifying individual. *See* Fed. R. Evid. 801(d).

## III. Analysis

Stephen Nelson, Defendant's Senior Engineering Manager, testified during his deposition that Defendant's former human resources representative, Ella Guidugli, who is also a lawyer, stated to him that she believed the non-compete agreement would be unenforceable under Michigan law. Ms. Guidugli based her belief on the fact that the restrictions imposed on the former employee were too broad and would not satisfy Michigan's reasonableness standard. (ECF No. 43 at Pg ID 1316.) Plaintiff argues that Ms. Guidugli's statement is hearsay because she is not listed as a witness and made her statements out-of-court. Plaintiff believes Defendant will use Ms. Guidugli's statement for the truth of the matter asserted, bolstering its claim that the non-compete agreement is unenforceable.

Additionally, Plaintiff contends that Ms. Guidugli's statement is contrary to Fed. R. Evid. 403 because it constitutes a legal conclusion and invades the

4

province of the jury. "Rule 403 requires that evidence be excluded, even if relevant, if the jury will place undue weight on that evidence, to the neglect of their duty to evaluate the trial evidence for themselves." *United States v. Awadallah*, 401 F. Supp. 2d 308, 318-19 (S.D.N.Y. May 31, 2005), *affirmed*, 436 F.3d 125 (2d Cir. 2006). Because Ms. Guidugli is a lawyer and was Defendant's human resource professional, her statement would improperly influence the jury. Fed. R. Evid. 701 permits lay opinion testimony when it is rationally based on the witness's perception, helpful to understanding the witness's testimony or determining a fact in issue, and is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. However, the Sixth Circuit stated that "seldom will be the case when lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness." *United States v. Phillips*, 872 F.3d 803, 810 (6th Cir. 2017). Here, the enforceability of a non-compete agreement is an ultimate issue that is solely for the jury to decide.

However, Defendant contends that it does not seek to admit Ms. Guidugli's statement for the truth of the matter asserted. Rather, Defendant alleges it seeks to admit the statement to show why Mr. Nelson believed the letter was not meant for Defendant's Michigan employees, specifically in light of Ms. Guidugli not being aware of the letter. Defendant also argues that Ms. Guidugli is not licensed in

5

Michigan and it has not argued that Ms. Guidugli is a legal expert. Defendant suggests that if there is concern that the jury will improperly defer to Ms. Guidugli's statement then the Court can instruct the jury not to consider her statement when determining if the non-compete agreement was reasonable under Michigan law. Finally, Defendant asserts that Plaintiff cannot show the prejudicial effect of the proposed testimony substantially outweighs the probative value.

In *United States v. Nelson*, the trial judge gave a limiting instruction to the jury after each officer's testimony reminding him or her that any evidence about the suspect's description was not to be considered because it was prejudicial and went to a key issue. 725 F.3d 615, 622 (6th Cir. 2013). The Sixth Circuit reversed the trial court's decision, stating "[a] limiting instruction is not always sufficient to cure the harm of highly prejudicial information improperly admitted at trial." *Id.* Defendant asserts "Johnson Electric did not introduce Guidugli's comments to show that the Letter was, in fact, unenforceable under MCL § 445.774a. Instead, Johnson Electric wanted to show that Guidugli, like Nelson, had not seen the Letter before and was quite surprised to learn that the IP Platform presented the letter to Nelson." (ECF No. 45 at Pg ID 1332.) Testimony regarding Ms. Guidugli's reaction to the non-compete agreement is highly prejudicial and outweighs any probative value. Further, Mr. Nelson's testimony about his reaction to seeing the

6

non-compete agreement is sufficient for Defendant to make a showing that it was unfamiliar with the letter.

Allowing Mr. Nelson to testify as to Ms. Guidugli's statement would be highly prejudicial because the jury would likely rely substantially on Ms. Guidugli's legal and professional expertise, just as Mr. Nelson had in reaching his conclusion on the enforceability of the non-compete agreement. Moreover, because Ms. Guidugli's statement goes to the ultimate issue of the case, Mr. Nelson is precluded from testifying about Ms. Guidugli's comment regarding the enforceability of the non-compete agreement as it relates to Michigan employees.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's motion *in limine* (ECF No. 43) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant's witness, Stephen Nelson, Senior Engineering Manager, may not testify as to any statements that former human resource representative, Ella Guidugli, made to him regarding the enforceability of the subject non-compete agreement.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 27, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 27, 2018, by electronic and/or U.S. First Class mail.

                                              s/ R. Loury
                                              Case Manager